UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS WILBERT BOYD, JR. | CIVIL ACTION |
| VERSUS | NO. 09-7646 |
| KELLY LASHER ET AL. | SECTION "I" (2) |

# **REPORT AND RECOMMENDATION**

Plaintiff, Louis Wilbert Boyd, Jr., is a pretrial detainee currently incarcerated in the Nelson Coleman Correctional Center in Killona, Louisiana, awaiting trial in this court on various charges asserted against him in an indictment returned on March 5, 2009. United States v. Boyd, Crim. No. 09-63 "R"(5). The pending charges include cocaine possession and distribution, felon in possession of a firearm, and possession of firearms in furtherance of drug trafficking. Boyd's criminal trial is set to occur in this court on March 1, 2010. Crim. No. 09-63 "R"(5), Record Doc. No. 41.

In the above-captioned civil case, filed pro se and in forma pauperis on a form used by prisoners to assert complaints in this district pursuant to 42 U.S.C. § 1983, Boyd alleges that, during his incarceration, he was denied attendance at his sister's funeral service. Although the caption of his complaint identifies six (6) named defendants and two (2) unidentified "Doe" defendants, the only allegations made in this complaint are

against one of the "John Doe" defendants, an unidentified deputy United States Marshal. As to this defendant, Boyd alleges that an "unknow[n] U.S. Marshall [sic] was issued a court order to bring petitioner to sister's funeral in Norco, Louisiana. Marshal 'John Doe' denied court order and request by St. Charles Parish Officer to escort petitioner to funeral of decease[d] sister." Plaintiff further asserts that the deputy U.S. Marshal's "denial of court order and assistance by St. Charles Police where petitioner is housed is an arbitrary and capricious denial of petitioner's closure of love[d] one." Record Doc. No. 1 (Complaint at ¶ IV). In the relief portion of his complaint, Boyd seeks to be compensated for being denied attendance at the funeral services, "pain and suffering $5,000.00 . . . and disobeying a court order, contempt of court punitive damages of $10,000.00 . . . and any other order of the court." Id. at ¶ V. No allegations of any kind are made in this complaint against any other named defendant.

Within one week of the date on which Boyd filed the above-captioned civil lawsuit, he filed a total of eight (8) civil complaints pursuant to Section 1983, including this case and six (6) others on the same day. In all of these suits, he named the same multiple defendants. Those suits are C.A. Nos. 09-7508 "R"(2), 09-7639 "I"(3), 09-7641 "I"(2), 09-7642 "J"(2), 09-7643 "A"(1), 09-7645 "C"(5) and 09-7647 "I"(5). It appears from a review of the eight (8) complaints filed by Boyd in December 2009, however, that the particular allegations made against particular defendants are in fact

2

segregated in each separate suit and that Boyd's attempt to name <u>all</u> defendants in <u>all</u> of his suits is duplicative and redundant. Specifically, (1) all claims against Judge Moore are made in C.A. No. 09-7642 "J"(2) and no other case; (2) all claims against Judge Vance are made in C.A. No. 09-7643 "A"(1) and no other case; (3) all claims against Judge St. Pierre are made in C.A. No. 09-7645 "C"(5) and no other case; (4) all claims against United States Marshal's deputy Kelly Lasher are made in C.A. No. 09-7508 "R"(2) and no other case; (5) all claims against Diane Rushing are made in C.A. No. 09-7641 "I"(2) and no other case; (6) all claims concerning the alleged failure of a deputy United States marshal or other prison official to transport Boyd to his sister's funeral are asserted in C.A. No. 09-7646 "I"(2) and no other case; (7) all claims concerning various conditions of Boyd's confinement at Nelson Coleman Correctional Center against officials of that prison, including Warden John Nowak (identified by plaintiff as "Maj Nowack") and an unidentified medical director, are made in C.A. Nos. 09-7639 "I"(3) and 09-7647 "I"(5) and no other case.

## ANALYSIS

I. <u>STANDARDS OF REVIEW</u>

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80

(5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in

forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

II.   FUNERAL ATTENDANCE

Boyd complains that an unidentified deputy U.S. Marshal did not comply with a court order to take him to his sister's funeral. Plaintiff does not allege that funeral attendance decisions were based on some suspect classification or other basis that might conceivably implicate constitutional considerations. On the contrary, it is well established that prisoners have no constitutionally protected right to attend funeral services for relatives. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); Thomas v. Farley, 31 F.3d 557, 559 (7th Cir. 1994); Carson v. Quarterman, No. 6:08cv512, 2009 WL 1505389, at *22 (E.D. Tex. May 27, 2009); Roca v. Stalder, No. 07-511-JVP-DLD, 2008 WL 1994878, at *2 (M.D. La. May 8, 2008) (Parker, J.); Randall

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

v. Prator, No. 07-2120-P, 2008 WL 544464 (W.D. La. Feb. 12, 2008) (Hornsby, M.J.); Jones v. Houston, No. 4:06CV3314, 2007 WL 3275125 (D. Neb. Nov. 2, 2007); Carlisle v. Rayburn Corr. Ctr., No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16, 2007) (Duval, J.). Although states may create a liberty interest on behalf of prisoners by limiting the discretion of prison authorities to disallow funeral leave, Merritt v. Broglin, 891 F.2d 169, 172-74 (7th Cir. 1989) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)), Louisiana has not done so. See La. Rev. Stat. § 15:833(A) ("The secretary of the Department of Public Safety and Corrections may authorize visits and correspondence under reasonable conditions between inmates and approved friends, relatives, and other persons.") (emphasis added).[2]

Constitutionally protected liberty interests may be created not only by the Constitution itself but also by state law. However, not every state law creates a liberty interest protected by the Constitution and cognizable under Section 1983. On the

---

[2]The Louisiana legislature amended La. Rev. Stat. § 15:833(A) in June 2008 to delete a provision that had expressly permitted the secretary of the Department of Public Safety and Corrections to authorize the temporary release of an inmate for the death of a member of the inmate's family. Section A of the statute previously read:
> The secretary of the Department of Public Safety and Corrections may authorize visits and correspondence under reasonable conditions between inmates and approved friends, relatives, and other persons. Notwithstanding any provisions of law to the contrary, the secretary may authorize the temporary release of an inmate only for terminal illness, serious illness or death of a member of the inmate's family, or for an interview of the inmate by a prospective employer.

The second sentence was deleted by La. Acts 2008, No. 572, § 1, which was approved on June 30, 2008. As stated in the text above, Section A now consists of the first sentence only.

6

contrary, a state law creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). Thus, state statutes that vest officials with broad discretion to carry out their official functions do not create constitutionally protected interests that may form the basis for an action under Section 1983. See Olim, 461 U.S. at 249-50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

Thus, the State of Louisiana by its broadly discretionary statute, La. Rev. Stat. § 15:833, has not created a protected liberty interest in being allowed leave from prison to attend funerals or any requirement that prison officials transport inmates from jail to funerals. Although plaintiff alleges that a court order of some sort authorized his attendance at his sister's funeral, I can find no such order in this court's record concerning the pending federal criminal charges on which he is being held. On the contrary, this court's record indicates that Boyd presents a serious flight risk, Record Doc. No. 17, Crim. No. 09-63 "R"(5), for whom the granting of such an order would be

highly unlikely. In any event, I know of no precedent that would convert such a clearly discretionary order, even if it did exist, into the legal basis for a claim of denial of constitutional on which a Section 1983 complaint might be based. See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) ("[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.") (internal quotation omitted). Therefore, Boyd's claim that his constitutional rights were violated by prison officials' denial of his request to attend his sister's funeral fails to state a claim of violation of constitutional rights on which relief may be granted under Section 1983.

Furthermore, to state a claim under Section 1983, plaintiff must allege an actual injury caused by defendants' acts. See Brock v. Sparkman, 101 Fed. Appx. 430, 2004 WL 1368923, at *1 (5th Cir. 2004) (citing Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury); Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (claims properly dismissed when plaintiff alleged insufficient causal connection between defendants' conduct and the claimed assault, and when plaintiff did not allege constitutional harm); Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 602 (5th Cir. 1988) (Section 1983 "is designed to compensate persons for actual injuries caused by the deprivation of constitutional

rights"); Jefferson v. City of Hazelhurst, 936 F. Supp. 382, 386 (S.D. Miss. 1995) (To state a cause of action under Section 1983, plaintiff must plead "a direct causal connection, . . . without intervening factors, between the deprivation and some injury to plaintiff.").

The only injury alleged by plaintiff in this complaint is non-tangible mental anguish, pain and suffering. However, the Prison Litigation Reform Act of 1996 included the following requirement in 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (discussing this requirement). Because Boyd suffered no physical injury or violation of his constitutional rights of any kind as a result of defendant's failure to comply with a court order (if one existed) to bring him to his sister's funeral, he fails to state a cognizable Section 1983 claim.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 arising from the denial of his

attendance at his sister's funeral[3] be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), to whatever extent, if any, that he asserts these claims against any of the named defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

---

[3]Construed broadly, it is possible that plaintiff intends to assert this claim concerning funeral attendance against all named defendants. Because no such Section 1983 claim is cognizable as to any defendant, this recommendation is that this particular complaint be dismissed in its entirety. This recommendation is in no way intended to apply to the different claims asserted by Boyd against these same defendants in his other cases noted in this report, which are being separately addressed.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

New Orleans, Louisiana, this __12th__ day of January, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.